UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) NO. 4:18CR00218 JAR ) ) |
| DEMARCOS V. BOLDEN, | ) ) |
| Defendant. | ) |

## GOVERNMENT'S SENTENCING MEMORANDUM

Comes now the United States of America, by and through its attorneys, Jeffrey B. Jensen, United States Attorney for the Eastern District of Missouri, and Jennifer A. Winfield, Assistant United States Attorney for said district, hereby submits this Sentencing Memorandum. Sentencing in this matter is scheduled for February 22, 2019 at 9:00 a.m.

The government is requesting this Court to impose an aggregate sentence of 120 months consisting of a 40 month term of imprisonment on each of Counts One, Two and Three (Use of Facilities of Interstate Commerce with Intent to Aid an Enterprise Involving Prostitution), to be served consecutively to each other. The Court must also impose a $300 special assessment and require the defendant to register as a sex offender. The government further requests at least ten years of supervised release. The Government believes that a combined sentence of 120 months, to be followed by at least ten years of supervised release, gives due consideration to the Sentencing Guidelines, and is reasonable and just in light of the sentencing factors outlined at 18 U.S.C. § 3553(a).

**I.    BACKGROUND**

Defendants Demarcos Bolden ("Bolden") and Alexander Coleman ("Coleman") were charged in an indictment with: <u>Count One</u>: Conspiracy to Commit Sex Trafficking by Force, Fraud or Coercion in violation of Title 18 U.S.C. §§ 1591(a) and (b). Defendant Bolden entered a guilty plea on October 10, 2018, and defendant Coleman entered a guilty plea on October 12, 2018 to three counts each of Use of Facilities of Interstate Commerce with Intent to Promote and Facilitate Prostitution in violation of Title 18 U.S.C. § 1952(a)(3). Specifically, both defendants entered into a guilty plea whereby each admitted to this honorable Court that while aiding and abetting each other, they knowingly used a facility in interstate commerce with the intent to promote, manage, establish and carry on the unlawful activity of prostitution, and each did in fact promote, manage, establish and carry on the unlawful activity of prostitution involving three different victims.

The factual background as outlined by the plea agreement is set forth in detail in the Presentence Report ("PSR") at paragraphs 12 through 19. The government maintains that the factual statement set forth in the PSR accurately recounts a summary of the facts presented in the defendant Bolden and co-defendant Coleman's plea agreements.

**II.   GUIDELINES FACTORS**

    **A.    Guidelines Calculations**

The government concurs with the Probation Office on its initial guidelines calculations listed in ¶ 27-52.

**1. The Court Can Take Into Account Relevant Conduct For Sentencing**

The Court is well within its discretion to sentence the defendant to 120 months, taking into account all evidence, as the government will meet its burden for sentencing. The Court has a different role at sentencing than the jury in the finding of guilt stage. The Court has reviewed evidence, which has established the counts of conviction, and the Court is well within the bounds of its discretion to take into account the complete picture of the conduct presented to the Court – in determining the proper guidelines calculation and ultimate sentence to impose.   United States v. Martin, 777 F. 3d 984, 997 (8th Cir. 2015)(noting that the Eighth Circuit has repeatedly held that due process never requires applying more than a preponderance of the evidence standard for finding sentencing facts, "even where the fact-finding has an extremely disproportionate impact on the defendant's advisory guidelines [sentencing] range").   Additionally, in determining the relevant facts, sentencing judges are not restricted to information that would be admissible at trial. See 18 U.S.C. 3661; see also Witte v. United States, 515 U.S. 389, 399-401 (1995) (noting that sentencing courts have traditionally considered wide range of information without the procedural protections of a criminal trial, including information concerning criminal conduct that may be the subject of a subsequent prosecution); Nichols v. United States, 511 U.S. 738, 747-48 (1994) (noting that district courts have traditionally considered defendant's prior criminal conduct even when the conduct did not result in a conviction).

Thus, as noted above, unlike a jury applying a reasonable doubt standard, the district court at sentencing evaluates the facts by viewing a wide variety of reliable information using a preponderance of evidence standard. United States v. McKanry, 628 F. 3d 1010, 1020 (8th Cir.

2011). Uncharged, dismissed, and acquitted conduct may properly be considered "relevant conduct" for sentencing purposes, and certainly may be taken into account in terms of the Court's findings under 18 U.S.C. § 3553(a). United States v. Putra, 117 S. Ct. 633 (1997)("a jury's verdict of acquittal does not prevent the sentencing court from considering conduct underlying the acquitted charge, so long as that conduct has been proved by a preponderance of the evidence"). Hence, the evidence presented in co-defendant Coleman's guilty plea, and anticipated testimony from Detective Matthew Black will most certainly establish by a preponderance of the evidence, that Bolden and Coleman, while aiding and abetting each other, used facilities in interstate commerce to facilitate prostitution and the enhancements/cross-references in the sentencing guidelines that apply. The Court will hear testimony of the victim and Det. Black that will establish that defendant Bolden not only transported the victims throughout the Eastern District of Missouri for purposes of prostitution, but Bolden also used means of threats of force and coercion in attempts to keep them prostituting for him as they had nowhere to live and nowhere else to go. The victim and Det. Black will also testify that Bolden raped the victim, set up commercial sex dates for all three victims, and he set the prices and places where they would meet the dates. Another victim will also testify that Bolden slammed her against the wall and grabbed her by the throat choking her. While the government has agreed to dismiss the conspiracy to engage in sex trafficking by force, threats of force, fraud or coercion, this does not erase or negate the evidence presented in co-defendant Coleman's plea agreement and the anticipated testimony at the sentencing hearing.

4

## 2. Calculation of the Level 30 Base Offense Level is Supported by Evidence

Counts One, Two and Three, involve the use of facilities in interstate commerce with the intent to carry on the unlawful prostitution activity.  Based on the evidence as outlined in the plea agreement and aforementioned anticipated testimony, the base offense level 30 as found in USSG §2Gl.1(c)(1), and the cross reference to USSG §2A3.1(a)(2) as applied in the PSR are proper.  *See*, United States v. Monslave, 342 Fed. Appx 451, 454 (11th 2009)(overruling the defendant's objection to application of USSG §2G1.1(c)(1) and the cross reference to USSG §2A3.1 because the evidence supported the district court's factual finding that the defendant placed the victims in fear).   In addition, as neither the guidelines nor the statutes referenced by the guidelines define "fear," the Court may look to our sister circuits for guidance. Id.   Hence, sister circuits have stated that (1) the definition of "fear" is very broad, (2) the element is satisfied when the defendant's actions implicitly place the victim in fear of some bodily harm, and (3) that the possible range of "harm," like the possible range of "fear," is very large. Id., citing United States v. Castillo, 140 F.3d 874, 885 (10th Cir.1998) (citing United States v. Gavin, 959 F.2d 788, 791 (9th Cir.1992)); See also, United States v. Cherry, 938 F.2d 748, 755 (7th Cir. 1991), United States v. Spain, 666 Fed. Appx 313, 316 (4th Cir. 2016)(the district court did not err in its application of §2G1.1 and the §2A3.1 cross reference because sentencing judges may find facts relevant to determining a Guidelines range by a preponderance of the evidence, so long as that Guidelines sentence is treated as advisory and falls within the statutory maximum authorized by the jury's verdict). Thus, as the offense involved the rape of J.C., and physical abuse of J.N., which is conduct described in 18 U.S.C. §2241, the application of the cross-

5

reference to USSG §2A3.1 is properly applied as outlined in the PSR and the base offense level is 30. USSG §2G1.1(c)(1) comment. (n.4) reads:

> (B) Conduct Described in 18 U.S.C. § 2242.—For purposes of subsection (c)(1), conduct described in 18 U.S.C. § 2242 is: (i) engaging in, or causing another person to engage in, a sexual act with another person by threatening or placing the victim in fear (other than by threatening or placing the victim in fear that any person will be subject to death, serious bodily injury, or kidnapping); or (ii) engaging in, or causing another person to engage in, a sexual act with a victim who is incapable of appraising the nature of the conduct or who is physically incapable of declining participation in, or communicating unwillingness to engage in, the sexual act.

Accordingly, in this matter the victims did suffer criminal sexual abuse as outlined in USSG §2G1.1(c)(1) comment. (n.4), which supports the aforementioned cross-reference. Furthermore, this Court should not minimize each victim's state of fear because each was prostitute. Here, the victims submitted to Bolden because his actions implicitly placed them in fear of at least some bodily harm, which supports the application of USSG §2G1.1(c)(1) and the cross reference to USSG §2A3.1.   Accordingly, the government will prove by a preponderance of the evidence that Bolden caused the victims to engage in sexual acts with people by threatening and placing the victims in fear.

### 3. Application of Consecutive Sentences is Appropriate

The plain language of U.S.S.G. § 5G1.2(d) allows consecutive terms so long as the "total punishment" as determined by the adjusted combined offense level is not exceeded. Specifically, "§5G1.2(d) of the guidelines requires that if the maximum sentence allowed under any one count does not reach the total punishment as calculated under the guidelines, the district court must impose consecutive sentences on the multiple counts until it reaches a sentence equal to the total

6

punishment calculation under the guidelines. This is permissible, because imposing consecutive sentences on multiple counts does not violate *Apprendi* when the sentence for each count does not violate the statutory maximum for that count. United States v. Diaz, 296 F.3d 680, 684 (8th Cir.2002). Moreover, in order to avoid unwarranted sentencing disparities, it would also be appropriate to sentence the defendant in line with sentences for defendants convicted of engaging in similar conduct.

In United States v. Wilson, 4:14CR00178 HEA, defendant Melvin Wilson received a 120-month sentence to run consecutive to his pending State of Missouri case Docket No. 1222-CR0577 (120 months, which came from a transportation for prostitution conviction involving a minor). In United States v. Spain, 7:14 CR 00021 BO, defendant Ralph Johnson Spain was sentenced to 144 months in prison (120 months on Count One and 24 months on Count Two, regarding two transportation for prostitution convictions.). In United States v. Spencer, 4:15CR 00045 BO, defendant Maurice Malik Spencer was sentenced to 180 months in prison (120 months, which came from a transportation for prostitution conviction, and 60 months, which came from a use of interstate facilities or interstate travel to engage in prostitution). In United States v. Abdullah, 6:16CR00027 KRS, lead defendant Abdullah Hamidullah received a total sentence of 482 months (180 months of which came from a sex trafficking by force, fraud, threats of force, or coercion conviction and 120 months which came from a transportation for prostitution conviction—which were run concurrently, in addition to 302 months which came from two counts of an enticement of an individual to engage in prostitution (151 months each)—which were to run consecutively to each other, and consecutive to the 180 month sentence). In

7

United States v. Knight, 2:15CR 00026 AWA, defendant Dana O'Brien Knight was sentenced to 240 month in prison (120 months each on two counts of transportation for prostitution convictions).

Thus, as the government will further argue at sentencing, a sentence of 120 months is reasonable in light of all the facts and circumstances that the Court is currently aware of regarding this matter, which will be further articulated at sentencing.

### III.   18 U.S.C. § 3553(a) SENTENCING FACTORS

Consideration of the sentencing factors listed at 18 U.S.C. § 3553(a) supports a sentence of 120 months in the Bureau of Prisons followed by at least ten years of supervised release. The serious nature and circumstances of the offense along with the history and characteristics of the defendant clearly call for a sanction sufficient to reflect the defendant's conduct and character. 18 U.S.C. § 3553(a)(1). Pursuant to the PSR in this matter, defendant Bolden also has a prior conviction for sexual battery-second degree, which involved another victim who do did not want to entertain defendant Bolden's sexual advances and she too was attacked in a sexual manner. (PSR at ¶ 55). In addition, pursuant to the PSR in this matter, defendant Bolden has had no verifiable income during the charged period and several years prior. (PSR at ¶ 80-83). Based on evidence presented in the plea agreements, Bolden has been spent his time participating in the commercial sex trade as a pimp and living off the money generated from those criminal activities. The defendant has exploited the victims for his profit.

8

In addition, Bolden included Coleman in his criminal conduct and they aided and abetted each other while using facilities in interstate commerce to promote and facilitate prostitution – for Bolden's profit. Here, Bolden used Coleman to assist him in recruiting the victims to participate in the commercial sex trade at the direction of Bolden, and Bolden facilitated the commercial sex dates.   Moreover, Bolden decided where and when the victims would prostitute, and he controlled money generated during this instant offense, as he had no verifiable income (other than disability benefits) for the last several years to warrant the purchase of food, clothing, housing, etc. made during the charged crimes.

Additionally, the Court should also not ignore the fact that co-defendant Coleman entered a guilty plea to the facts as outlined in the plea agreements. (Doc. 92).   Coleman admitted that he and defendant Bolden raped J.N. (Doc. 116, pg. 22-24). During his guilty plea hearing, Coleman unequivocally admitted the same facts outlined in defendant Bolden's plea, and Coleman entered his guilty plea freely and voluntarily. (Doc. 116, pg. 30). The Court can also take into consideration Bolden's use of drugs to control the victims, his emotional manipulation of the victims and the victims' reasonable fear of him after their physical altercations. The Court should not give any credence to the defendant's attempts to portray himself as a boyfriend to minor victim B.M., and as one who idly sat by as J.N. and J.C. participated in the commercial sex trade all by themselves in an effort to get the Court not to focus on his true character – that of an abusive, manipulative, sex trafficker who exploited women for his own gain.

WHEREFORE, the Government respectfully requests that the Court impose a sentence of 120 months of incarceration, to be followed by at least ten years of supervised release, inform the

9

defendant of his statutory responsibility to register as a sex offender, and impose a $300 special assessment.

Respectfully submitted,

JEFFREY B. JENSEN
United States Attorney

   /s/ Jennifer A. Winfield
JENNIFER A. WINFIELD #53350MO
Assistant United States Attorney
111 South 10th Street, Rm. 20.333
St. Louis, Missouri 63102
(314) 539-2200

**CERTIFICATE OF SERVICE**

I hereby certify that on February 20, 2019, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all counsel of record.

   /s/ Jennifer A. Winfield
JENNIFER A. WINFIELD #53350MO
Assistant United States Attorney
